# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2013

Lyle W. Cayce
Clerk

No. 13-50170
Summary Calendar

FRANKLIN L. WILLIAMS,

Petitioner-Appellant

v.

MIKE PEARCE, Warden, FCI Bastrop; UNITED STATES MARSHALS SERVICE,

Respondents-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CV-368

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Franklin L. Williams, federal prisoner # 12952-021, moves this court for leave to proceed in forma pauperis (IFP) in his appeal from the district court's dismissal without prejudice of his 28 U.S.C. § 2241 petition. In his petition, Williams argued that (1) he cannot pursue his remedies, including 28 U.S.C. § 2255 relief, because the Bureau of Prisons lost some of his property; (2) he is being denied due process and access to the courts because of the loss of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

property; (3) his case represents an extraordinary circumstance; (4) he is being denied his right to access a 1996 grand jury transcript, which allegedly contains evidence proving he was not properly indicted; and (5) he is being denied access to the courts by an illegal injunction issued in a Georgia state court. He further alleged that he is actually innocent of the charges against him.

Williams does not address the district court's reasons for certifying that his appeal was not taken in good faith. Rather, he generally states that his lost property contains evidence of his actual innocence and that he is being denied access to the courts. He also states in conclusory terms that he has proven that his constitutional rights are being violated. Absent from Williams's pleadings, however, is any discussion of the district court's determination that none of his challenges are properly cognizable under § 2241. Nor has he presented any meaningful challenge to the sanctions imposed by the district court. Accordingly, the IFP motion is DENIED. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Further, the failure by Williams to address in his brief the district court's bases for dismissing his claims, "without even the slightest identification of any error in [the district court's] legal analysis or its application to [his] suit . . ., is the same as if he had not appealed that judgment." *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because the appeal does not involve legal points arguable on their merits, the appeal is DISMISSED AS FRIVOLOUS. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

Williams previously has been warned that frivolous, repetitive, or otherwise abusive filings would invite sanctions. He has failed to heed that warning. Accordingly, he is ORDERED to pay a sanction of $100 to the Clerk of this Court. He is BARRED from filing any pleading in this court or any court subject to this court's jurisdiction seeking to challenge his 1997 Georgia state conviction and sentence, his 2007 federal conviction and sentence, or the alleged

loss of his legal materials unless he first obtains leave of the court in which he seeks to file such a pleading.  Williams is further CAUTIONED that any future frivolous, repetitive, or otherwise abusive filings in the district court or in this court will subject him to additional and progressively more severe sanctions.